Louis Cohen, trading as Louis Cohen & Company, Appellee, v. Atchison, Topeka & Santa Fe Railway Company, Appellant.

### Gen. No. 21,248.

1. CARRIERS,—*when liability as warehouseman for injury to goods fixed by bill of lading.* In assumpsit against a railroad company acting as warehouseman for oranges damaged by frost, where the shipment is interstate, and under the terms and conditions of a uniform bill of lading prepared in the form recommended by the Interstate Commerce Commission, the amount recoverable must be computed in accordance with the provisions of such bill of lading.

2. EVIDENCE, § 107*—*when telephone conversation admissible in evidence.* A telephone conversation with an unidentified person in the office of a railroad company is admissible in evidence.

Appeal from the County Court of Cook county; the Hon. FRANK G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed February 24, 1916.

ROBERT DUNLAP, LEE F. ENGLISH, JAMES L. COLEMAN and HOMER W. DAVIS, for appellant.

CHARLES A. BUTLER, for appellee; FRANKLIN RABER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Barnes delivered the opinion of the court.

This appeal is from a judgment for $305 in favor of Cohen, plaintiff, against the Railway Company in an action of assumpsit for damages to oranges while in the custody of the latter as a warehouseman.

The oranges were transported from Prenda, California to Chicago, Illinois, in interstate commerce over the company's road, and after arrival in Chicago the car was placed on the team or unloading track for delivery, and the consignee was duly notified thereof. The consignee inspected and found the goods in good condition after their arrival. The claim is that through negligence of the company they were afterwards damaged by frost before being unloaded.

The case was tried on the theory, and at plaintiff's request the jury were instructed, that the measure of damages was "the difference between the fair and reasonable cash market value of said oranges in good merchantable condition in Chicago, Illinois, on the day they were delivered by the defendant to said plaintiff and their fair and reasonable cash market value in Chicago, Illinois, at the time and in the condition in which they were delivered to said plaintiff."

This was error. It was an interstate shipment. Defendant's tariffs and schedules were duly established under the Federal acts regulating commerce, and the goods were received for transportation under the terms and conditions of a uniform bill of lading, prepared in the form approved and recommended by the Interstate Commerce Commission. The terms and conditions of the bill of lading, so far as necessary to be considered, are precisely the same as those quoted in the opinion of Mr. Justice Pitney of the Supreme Court of the United States, handed down January 10, 1916, since this appeal was taken, in the case of *Cleveland, C., C. & St. L. Ry. Co. v. Dettlebach*, 239 U. S. 588,

and it was there held that the question was Federal in its nature.

Passing upon the question of the carrier's responsibility under the provisions of that bill of lading and the so-called Hepburn Act, amending the Commerce Act (34 Stat. 584, ch. 3591), the court held that the phrase in the bill of lading "any loss or damages for which any carrier is liable" includes the "carrier's responsibility as warehouseman," and that the "reasonable charge for storage would be determined in the light of all the circumstances, including the valuation placed upon the goods."

In that case the valuation was declared; here it was not. But section 3 of the bill of lading provides that "any loss or damages for which the carrier is liable shall be computed on the basis of the value of the property (being the bona fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the time and place of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation."

It follows, therefore, from the opinion above cited that if the Railway Company is liable for damages resulting from its capacity as warehouseman, they must be computed in accordance with the contract provisions quoted. No proof conforming thereto was presented, but the proof adduced as to the amount of damages suffered was in accordance with the theory of said instruction. Under that state of the record the court should have granted defendant's motion for a new trial. As the judgment must for reasons stated be reversed and the cause remanded, it is unnecessary to discuss other questions argued which may not arise in another trial. We will, however, add that as the tele-

phone conversation with an unidentified person in the company's office may again be offered, it is admissible under the ruling in *Godair v. Ham Nat. Bank,* 225 Ill. 572.

*Reversed and remanded.*